**VIRGIN ISLANDS BAR ASSOCIATION by and through its ETHICS and GRIEVANCE COMMITTEE, ST. THOMAS-ST. JOHN SUBCOMMITTEE, Disciplinary Petitioner**

**v.**

**STAFFORD HILAIRE, ESQUIRE, Respondent**

Misc. No. 25/96

Misc. No. 60/96

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 19, 1997

DAVID BORNN, ESQ., and JOSEPH BRUCE WM. ARRELANO, ESQ., (Virgin Islands Bar Association), Christiansted, St. Croix, U.S.V.I., *for Petitioner*

RONALD MITCHELL, ESQ., St. Thomas, U.S.V.I., *for Respondent*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION AND ORDER

### I.

This matter came on for hearing on October 3, 1996 pursuant to the Virgin Islands Bar Association's Petition for Disciplinary

Action against Stafford Hilaire, Esquire. Petitioner appeared and was represented by David Bornn, Esquire and Joseph Bruce Wm. Arellano, Esquire. Respondent was served and failed to appear but was represented by Ronald Mitchell, Esquire.

## II.

### A. Misc. No. 25/96

The Ethic and Grievance Committee of the Virgin Islands Bar Association (the Committee) held an evidentiary hearing regarding the grievance of Ms. Vedora Small, the subject of Misc. 25/96, on December 10, 1994. Respondent was served but did not appear, and Respondent's Counsel appeared only telephonically after his request for a continuance was denied. The grievant, Vedora Small, alleged that Respondent had appropriated funds that were given to him for a closing on a house. After receiving testimony in the matter, Respondent's Counsel requested that the Committee continue the hearing to allow Respondent to put on his defense, and the request was granted. At the continued hearing on January 19, 1995, both Respondent and his counsel appeared and objected to the Committee's jurisdiction to hear the matter since Ms. Small no longer wished to pursue the grievance. However, the Adjudicatory Panel indicated that Ms. Small's intent did not vitiate the jurisdiction of the panel. Nevertheless, Respondent refused to testify and the hearing was concluded.

By unanimous written decision entered on March 28, 1995, a Panel of the Committee found that Respondent violated several Model Rules of Professional Conduct made applicable to this jurisdiction pursuant to Territorial Court Rule 303(a) in his representation of Ms. Vedora Small, to wit: (1) Rule 1.4 Communication-Respondent failed to adequately inform Ms. Small of the closing date and the tax stamp cost incurred at the closing, (2) Rule 1.15(a) & (b) Safekeeping Property-Respondent failed to keep Ms. Small's funds separate and apart from his personal funds, and (3) Rule 8.4(c ) Misconduct-Respondent falsely and deliberately informed Ms. Small that opposing counsel required her to put thirty thousand dollars ($30, 000.00) in escrow prior to the closing.

The Panel then recommended that Respondent should (1) be suspended from the practice of law for a period of not less than one

year, (2) complete a course of at least six (6) hours duration in Professional Responsibility , (3) be placed on probation for not less than one year after reinstatement, (4) be monitored for his practice and use of trust funds after reinstatement, (5) reimburse the grievant Vedora Small in the sum of five hundred dollars ($500.00) for legal fees incurred in bringing her grievance and (6) reimburse the Virgin Islands Bar Association for the costs incurred in bringing the disciplinary action, to wit, transcript fees in the amount of one hundred and seventy-six dollars ($176.00) incurred on January 19, 1995 and five hundred thirty-two dollars and fifty cents ($532.50) incurred on December 10, 1994.

In arriving at its recommendations regarding the grievance filed by Ms. Small, the Panel of the Committee cited three aggravating circumstances: (1) the vulnerability of Ms. Small who was a past acquaintance of Respondent, (2) Respondent's deceit to Ms. Small and his lack of candor with the Panel, and (3) the refusal of Respondent to submit a response to the grievance, coupled with the offense of not adequately communicating with Ms. Small regarding the status of the closing. The Panel also noted three mitigating circumstances: (1) Respondent attempted to have Ms. Small released from all liability on the note from the onset at the closing, (2) Respondent did pay the note obligation over a period of time which relieved Ms. Small of liability to the sellers, and (3) Respondent admitted to the interested parties that the funds were not placed in escrow and were spent.

## B. Misc. No. 60/96

With respect to Misc. No. 60/1996, Respondent was notified that a grievance was filed against him in a letter dated August 11, 1995 from David Bornn, Co-Chairman of the Committee. The grievant, Rafael Bild, alleged that Respondent collected certain sums on his behalf, remitted a check to the grievant for the sums collected less a twenty percent (20%) commission which was not agreed upon, and said check was dishonored for insufficient funds. Mr. Bild further alleged that Respondent has failed to make good on the check and has failed to communicate with him regarding the matter. An evidentiary hearing by the Adjudicatory Panel of the Committee was initially set for May 15, 1996; however, the hearing

was rescheduled to June 14, 1996 since Respondent had contacted the Panel chair and indicated that Respondent's counsel would not be available. A Notice of Rescheduled Hearing Date was sent to Respondent on May 15, 1996 and Respondent was directed to have his counsel enter a Notice of Appearance and respond in writing to the grievance and produce certain documents. A reminder Notice of Hearing was sent via facsimile and mail to the parties and Panel members on June 7, 1996. At the hearing on June 14, 1996, a quorum of the Adjudicatory Panel and the grievant Mr. Bild appeared. Neither Respondent nor Respondent's counsel appeared and the hearing proceeded in their absence. Mr. Bild was sworn and rendered his testimony. Thereafter, the hearing was concluded.

Upon review of the uncontroverted testimony and consideration of all the evidence presented, the Committee found that Respondent's representation of Mr. Bild violated several Model Rules of Professional Responsibility made applicable to this jurisdiction pursuant to Territorial Court Rule 303(a), to wit: (1) Rule 1.3 Diligence—Respondent failed to act with reasonable diligence and promptness in representing Mr. Bild, (2) Rule 1.4(a) Communication—Respondent failed to provide adequate information and to adequately communicate to Mr. Bild regarding the subject of his representation, (3) Rule 1.5(a) & (b) Fees—Respondent's fees in this matter was not reasonable and was never communicated to Mr. Bild in writing, (4) Rule 1.15(a) & (b) Safekeeping Property—Respondent failed to keep the funds collected for Mr. Bild in a separate trust account and failed to promptly turn over such funds to Mr. Bild with a full accounting, (5) Rule 7.1(a) Communication Concerning a Lawyer's Services—Respondent misled Mr. Bild as to the true nature of his services since he retained funds that belonged to the client and failed to file a complaint as indicated in correspondence copied to Mr. Bild, (6) Rule 8.1(b) Bar Admission and Disciplinary Matters—Respondent failed to respond to a lawful demand for information from a disciplinary authority, and (7) Rule 8.4(c ) Misconduct involving Dishonesty, Fraud, Deceit or Misrepresentation—Respondent collected the sums for Mr. Bild and failed to keep such funds separate and apart from Respondent's property, and rendered a worthless check for such funds.

The Panel then recommended that Respondent should (1) be permanently disbarred from the practice of law, (2) reimburse the

grievant Rafael Bild in the amount of eight thousand four hundred fifty-one dollars and fifty cents ($8, 451.50) representing the sum collected on behalf of Mr. Bild from Brumney's Gem Shop in the amount seven thousand nine hundred dollars ($7, 900.00) and the cost incurred by grievant Rafael Bild to attend the evidentiary hearing in the amount of five hundred fifty-one and fifty cents ($551.50), and (3) reimburse the Virgin Islands Bar Association for transcript fees in the amount of one hundred twenty-nine dollars and fifty cents ($129.50) incurred at the evidentiary hearing on June 14, 1996.

In arriving at the recommendations regarding the grievance filed by Mr. Bild, the Committee cited several aggravating factors: (1) Respondent's dishonesty, (2) Respondent's failure to comply with the disciplinary agency in submitting a response and documentation requested and (3) Respondent's past criminal and disciplinary record which includes *Government v. Stafford A. Hilaire*, D.Ct. Crim. No. 83-105, in which he was convicted of converting client funds to his own personal use in violation of 14 V.I.C. § 1091, Respondent's subsequent suspension from the Virgin Islands Bar Association for a period of six (6) months in relation to the underlying misuse of client funds in *Virgin Islands Bar Association v. Stafford Hilaire*, D. Ct. Misc. No. 83-256, and the Panel's unanimous decision dated February 28, 1995 and entered on March 28, 1995 finding that Respondent violated several of the Model Rules in his representation of Ms. Vedora Small.

Additionally, pursuant to the Model Rules of Lawyer Disciplinary Enforcement adopted by this jurisdiction in Territorial Court Rule 303(a), Petitioner states that it is incumbent upon this Court to consider the aggravating factors enumerated by the Panel in its decision of June 24, 1996 before rendering a decision on the consolidated petitions for disciplinary action.

## III.

Pursuant to Territorial Court Rule 303(f)(4), Respondent was given an opportunity to respond to the allegations against him and argued that the circumstances enumerated in both cases "fall short of disbarment". With respect to Misc. 25/96, Respondent argues that Petitioner did not prove deliberate misuse of trust funds since

there was no proof that the money was ever deposited into Respondent's trust account. Moreover, Respondent argued that the grievant Vedora Small did not wish to pursue the grievance.

With respect to Misc. 60/96, Respondent argued that Petitioner failed to give Respondent adequate notice of the grievance hearing held on June 14, 1996 and further argued that Petitioner has presented no evidence to substantiate its claim.

Respondent further argues that Defendant's conviction in *Government v. Stafford Hilaire*, D.Ct. Crim. No. 83-105 may not be considered as an aggravating factor since the judgment was had thirteen (13) years ago and was entered pursuant to 5 V.I.C. § 3711(c), which vacates the conviction when the probationary conditions are met. Respondent did not oppose the other aggravating factors.

## IV.

Pursuant to Territorial Court Rule 305(a), the Virgin Islands Bar Association was created "to assist the Court in regulating the practice of law in the territory". To this end, the Virgin Islands Bar Association has adopted By-laws, as published in Territorial Court Rule 305(f), which are used to enforce the rules. The Bylaws establish the operational committees of the Virgin Islands Bar Association, including the Professional Ethics and Grievance Committee which is charged with recommending standards and methods of effective enforcement of the ethical conduct within the legal profession, pursuant to § 8(D)(1) of No. X . The Professional Ethics and Grievance Committee also has the authority to investigate all charges of professional misconduct that may be brought to its attention in writing or upon its own motion, pursuant to § 8(D)(3) of By-law No. X.

Pursuant to the aforesaid Bylaws, the Professional Ethics and Grievance Committee, by its respective subcommittees, investigated the allegations of professional misconduct against Respondent which were brought by Ms. Vedora Small and Mr. Rafael Bild. After conducting hearings on both grievances, the Committee found that Respondent's conduct warranted disciplinary action and filed this petition establishing probable cause for such disciplinary action.

Pursuant to Territorial Court Rule 303(f)(3), the Court issued two orders requiring Respondent to show cause within thirty (30) days why he should not be disciplined. The orders were issued on April 30, 1996 in Misc. No. 25/96 and on July 2, 1996 in Misc. No. 60/1996. Respondent failed to respond to both orders. Respondent also failed to appear at the disciplinary proceeding before this Court on October 3, 1996. However, the Court allowed Respondent's Counsel, Ronald Mitchell, Esquire to respond to the petitions filed by the Committee.

Having heard and reviewed the presentations and arguments submitted by both sides, the Court adopts the findings of the Professional Ethics and Grievance Committee enumerated in its decisions entered on March 28, 1996 and June 24, 1996, respectively. Upon consideration of the different aggravating factors cited in both petitions, the Court finds the following factors to be particularly egregious:

1. Respondent's pattern of dishonesty and deceit in representing both Vedora Small and Rafael Bild.

2. Respondent's wilful and deliberate appropriation of client funds to his own personal use in both cases through fraudulent and deceitful devices.

3. Respondent's continued failure to assist the Committee in the resolution of the grievances.

4. Respondent's continued failure to accept responsibility for his unethical conduct.

5. Respondent's prior suspension from the V.I. Bar Association for similar conduct.

■ However, the Court disagrees with the use of Respondent's prior conviction in *Government v. Stafford Hilaire*, D.Ct. Crim. No. 83-105, as an aggravating factor since no proof was submitted that the probationary conditions were not met or that the case was not dismissed pursuant to 5 V.I.C. § 3711(c).

The Court further finds that Respondent was given many opportunities to become a responsible member of the Virgin Islands Bar Association; however, Respondent's professionalism

has continually declined. After his conviction for converting a client's funds to his own personal use, Respondent was suspended for a period of six (6) months. After such suspension, Respondent continued to practice law. In February of 1994, Respondent misrepresented facts to his client, Vedora Small, who then turned over a check for thirty thousand dollars ($30, 000.00) to Respondent, who then negotiated that check but failed to deposit said sum into his escrow account. Subsequently in April of 1994, it was discovered that not only was the sum not in Respondent's escrow account but it was not available for closing Vedora Small's purchase of a home on April 15, 1994. Although Respondent eventually did remit the sum to the sellers on Vedora Small's behalf in June of 1994, Respondent has never accepted responsibility for his deed, but blames his messenger for depositing the funds in the wrong account.

Rafael Bild had a similar encounter with Respondent beginning in May of 1994. Rafael Bild retained Respondent to collect an outstanding balance of twenty-six thousand six hundred eighty-one dollars and fifteen cents ($26, 681.15) from Brumney's Gem Shop and one thousand four hundred twenty-two dollars and thirty-four cents ($1, 422.34) from Gold Corner. The verbal fee agreement stipulated that Respondent would retain ten percent (10%) of the large debt and twenty percent (20%) of the smaller debt as his fee. In May of 1995, Respondent remitted a check to Rafael Bild in the amount of five thousand five hundred sixty dollars ($5, 560.00) with a letter stating that said sum was collected from Brumney's Gem Shop less a twenty percent (20%) collection fee, rather than the ten percent (10%) agreed upon. The check was dishonored for insufficient funds and Mr. Bild's repeated attempts to collect on the check and obtain a valid accounting as to the sums Respondent actually received from Brumney's Gem Shop have gone unheeded by Respondent. Yet Mr. Bild obtained from Brumney's Gem Shop copies of eight (8) money orders payable to Respondent's trust account totaling seven thousand nine hundred dollars ($7, 900.00), evidencing the amount Respondent actually collected from Brumney's Gem Shop on behalf of Mr. Bild. Moreover, with the exception of the letter dated May 5, 1995, Respondent has not communicated with Mr. Bild regarding this matter.

The Court finds Respondent's misconduct has been manifested over such a long period of time and is so reprehensible that it must act to protect the community at large from such legal malpractice.

Accordingly, it is hereby,

ORDERED, that Respondent Stafford Hilaire, Esquire is DIS-BARRED from the practice of law in the Virgin Islands and his name shall FORTHWITH be stricken from the roll of attorneys admitted to practice before this Court; and it is further,

ORDERED, that all files of Respondent shall be secured by the Receiver William Travers Jerome, Esquire, appointed in Civil No. 173/96; and it is further,

ORDERED, that all clients having files that were in Respondent's possession shall obtain such files from Receiver, William Travers Jerome, Esquire; and it is further,

ORDERED, that any personal files belonging to Respondent may be relinquished to him by the Receiver; and it is further,

ORDERED, that copies of this order shall be served on Respondent Stafford Hilaire, Respondent's Counsel Ronald Mitchell, Esquire, the Ethics and Grievance Committee of both Districts, the Judges of the Territorial Court and the District Court, the Department of Licensing and Consumer Affairs, the Lieutenant Governor's Office, the Board of Governors and the Executive Director of the Virgin Islands Bar Association for distribution, and the Clerks of the Territorial Court and the District Court.

DATED: February 19th, 1997